**Dionisie Eugen RUS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70491.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John M. Lynch, Esq., Oil Civil Division U.S. Dept of Justice, Genevieve Holm, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, John T. Lynch, Jr., for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Dionisie Eugen Rus, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying Rus' applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review questions of law de novo. *See*

*Zheng v. Ashcroft,* 332 F.3d 1186, 1193–94 (9th Cir.2003). We dismiss the petition for review in part, grant it in part, and deny it in part.

■ We lack jurisdiction to review the agency's determination that Rus did not show exceptional circumstances to excuse his failure to file an application for asylum within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005) (even after REAL ID Act, court lacks jurisdiction to review predominantly factual determinations such as whether changed circumstances excuse late filing of asylum application). Since we lack jurisdiction to review the merits of the BIA's determination, we do not review the adequacy of the BIA's explanation why Rus failed to show exceptional circumstances. *See Fernandez v. Gonzales,* 439 F.3d 592, 604 (9th Cir.2006).

■ The BIA assumed Rus' testimony to be true and affirmed the IJ's order denying withholding of removal solely on the ground that the mistreatment Rus suffered was "localized" in nature, and consequently he could relocate within Romania. This was error. Rus testified that local police arrested and beat him on account of his evangelical activities, and so was entitled to a presumption that internal relocation would not be reasonable. *See* 8 C.F.R. § 1208.16(b)(3)(ii) ("In cases in which the persecutor is a government or is government-sponsored ... it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that under all the circumstances it would be reasonable for the applicant to relocate."). Because the BIA failed to give

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Rus the benefit of the presumption, we remand for further proceedings.

Rus does not challenge the agency's denial of his CAT claim or his request for remand. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument in opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.